09-151047

IN THE UNITED STATES DISTRCT COURT FOR THE
WESTERN DISTRICT COURT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| | ) | |
| State Farm Mutual Automobile Insurance Company | ) ) | |
| Plaintiff, | ) | |
| | ) | |
| V | ) | No.: |
| | ) | |
| Columbia Business Ribbons, Inc., and Kenneth Webb | ) ) | |
| Defendants. | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, State Farm Mutual Automobile Insurance Company of Bloomington, Illinois (hereafter "State Farm") pursuant to 28 U.S.C. §2201(a) files this Complaint for Declaratory Judgment and shows the Court the following:

### I.      JURISDICTION AND VENUE

1.      State Farm is a foreign corporation whose principal place of business is Bloomington, Illinois.

2.      The Defendant, Columbia Business Ribbons, Inc., (hereafter "CBR"), upon information and belief is a Tennessee Corporation with its principle place of business at 3144 Stage Post Drive, Suite 107, Bartlett, Tennessee, 38113-4039.  It may be served with process through its registered agent, Ira R. Hubbard, 3144 Stage Post Road, Suite 107, Bartlett, Tennessee, 38133

3.      The Defendant, Kenneth Webb, upon information and belief, is a resident and citizen of the State of Oklahoma.  He may be served with process at 11610 West 64th Street, Sapulpa, Oklahoma, 74066.

4.      This Court has jurisdiction over the parties based upon the diversity of citizenship and pursuant to 28 U.S.C. §1332.  There is an actual controversy between the parties and the amount in controversy exceeds the minimum amount required by 28 U.S.C. § 1332.  (See, tort lawsuit attached as Exhibit B pending in The United States District Court for the Western District of Missouri pursuant to diversity jurisdiction).

5.      The subject matter of this Declaratory Judgment Action is an automobile insurance policy entered into in the State of Tennessee.  Venue and jurisdiction are proper in this court.

## II.      FACTS

6.      State Farm issued a policy of automobile insurance to Defendant CBR at CBR's principal place of business in Memphis, Tennessee.  That policy of insurance is identified as policy number 15 1844-C03-42G. This policy includes an endorsement identified as the "BUSINESS NAMED INSURED" endorsement, numbered 6030NN.  This endorsement is a part of the policy.  A copy of this policy of insurance is attached hereto as Exhibit A.

7.      Defendant Kenneth Webb is or, at times material, was an employee of Defendant CBR.  Allegedly, during the course and scope of his employment with Defendant CBR, Defendant Webb was involved in an automobile accident with Stephen Joseph Donovan on October 2, 2007.  This accident took place in the State of Missouri.  As a result of that automobile accident, Stephen Joseph Donovan, filed a lawsuit for personal injuries and damages against Defendant Webb and Webb's employer at the time, Defendant CBR.  A copy of that lawsuit is attached hereto as Exhibit B.

8.      Defendant CBR has submitted the tort lawsuit attached as Exhibit B to

Plaintiff, State Farm seeking liability coverage under this policy for Defendant Webb and Defendant CBR.  Based on the terms, conditions and provisions of the policy, the policy of insurance attached as Exhibit A does not provide liability coverage for either Defendant Webb or Defendant CBR for the lawsuit filed against them by tort plaintiff, Stephen Joseph Donovan.

### A.  There is no coverage under the policy in question as to Defendant CBR.

9.      Although Defendant CBR is the named insured under the policy in question, it is only insured for its liability relating to certain vehicles and there is no coverage for Defendant CBR for the claims against it arising out of the accident described in the tort Complaint attached as Exhibit B.

10.      The vehicle driven by Defendant Webb at the time of the incident was not listed as a covered vehicle on the declarations page of the policy in question.  The vehicle driven by Defendant Webb at the time of the accident was registered to and owned by Defendant Webb alone.

11.      For purposes of liability coverage, the Business Named Insured Endorsement provides the following:

*Insured* is changed to read:

*Insured* means:
1.      *you* for:
      a.      the ownership, maintenance, or use of:
          (1)      *your car*;
          (2)      a *newly acquired car*; or
          (3)      a *trailer;* and
      b.      the maintenance or use of a *temporary substitute car*, . . .

(Exhibit A at 6030NN BUSINESS NAMED INSURED endorsement).

12.     ***Your car*** is defined in the policy as the vehicle shown on the declarations page. (Exhibit A at p. 5). The vehicle operated by Defendant Webb at the time of the accident was not listed on the declarations page of the policy in question and therefore was not and is not covered under the above definition as "your car" for Defendant CBR.

13.     ***Newly Acquired Car*** is defined in the policy as a car newly owned by the named insured, Defendant CBR. (Exhibit at p. 4 and at 6030NN BUSINESS NAMED INSURED endorsement).  Defendant, CBR did not own or newly own the vehicle driven by Defendant Webb at the time of the incident and therefore the vehicle driven by Defendant Webb was not and is not covered under the above definition as a "newly acquired car" for Defendant CBR.

14.     ***Temporary Substitute Car*** is defined in the policy as a car that is in the lawful possession of the person operating it and that temporarily replaces the vehicle listed on the declarations page while such listed vehicle is out of use due to its breakdown, repair, servicing, damage or theft and that neither named insured or the person operating it own or have registered. (Exhibit A at p. 5 and at 6030NN BUSINESS NAMED INSURED endorsement). The vehicle operated by Defendant Webb at the time of the accident did not temporarily replace the vehicle listed on the declarations page while it was out of use and Defendant Webb, in fact, owned the vehicle he operated at the time of the accident. Therefore, the vehicle operated by Defendant Webb at the time of the accident was not and is not covered as a "temporary substitute car" for Defendant, CBR.

15.     Because the vehicle operated by Defendant Webb does not meet the policy definitions above, there is no coverage under the policy in question and therefore no duty

4

of State Farm to either defend or indemnify Defendant CBR in the tort lawsuit attached as

Exhibit B.

16.     Although the tort lawsuit filed by Stephen Joseph Donavan contains claims

for vicarious liability based on the negligent operation of a vehicle by Defendant CBR's

alleged agent, Defendant Webb, and claims for direct negligence of Defendant CBR in

reference to its training of Defendant Webb in the operation of a vehicle, neither of these

negligence claims arise out of "the ownership, maintenance, or use" of "your car" or a

"newly acquired car" as defined in the policy.  Also, neither of these negligence claims arise

out of "the maintenance or use" of a "temporary substitute vehicle" as defined in the policy.

   Therefore there is no coverage under the policy in question and therefore no duty of

State Farm to either defend or indemnify Defendant CBR for any of the negligence claims

in the tort lawsuit attached as Exhibit B.

**B.  There is no coverage under the policy in question as to Defendant Webb.**

17.     In reference to coverage for Defendant Webb, Defendant Webb does not

meet the definition of an insured under the policy attached as Exhibit A.  Defendant Webb

was not a "named insured" under the policy. (Exhibit A at DECLARATIONS PAGE).

18.     For persons other than named insureds, the BUSINESS NAMED INSURED

endorsement provides the following:

> ***Insured*** is changed to read:
>   ***Insured means:***
>
> **.  .  .**
>     2.  any ***person*** for his or her use of:
>             a.  ***your car***;
>             b.  a ***newly acquired car***;
>             c.  a ***temporary substitute car***,
>             .  .  .
>             Such vehicle must be used within the scope of your consent;

5

(Exhibit A at 6030NN BUSINESS NAMED INSURED endorsement).

19.     As explained in paragraphs 11 through 13 above, the vehicle Defendant Webb operated at the time of the accident does not meet the definitions of "your car", a "newly acquired car", or a "temporary substitute car."  Therefore, Defendant Webb was not and is not covered under the provisions of the policy for persons other than the named insured and Plaintiff, State Farm has no duty to defend or indemnify Defendant Webb for any of the negligence claims in the tort lawsuit attached as Exhibit B.

### III.     CAUSE OF ACTION

20.     Pursuant to the terms, conditions, and provisions of the policy of insurance referenced as Exhibit A and as explained above, neither Defendant CBR nor Defendant Webb are insured for liability purposes for any of the claims against them by Stephen Joseph Donavan in the lawsuit attached as Exhibit B.

21.     Plaintiff State Farm, therefore, has no duty to defend or indemnify either Defendant CBR or Defendant Webb in the lawsuit filed by Stephen Joseph Donovan and attached as Exhibit B.

22.     Plaintiff State Farm further relies upon any other terms, conditions, and provisions of the policy in question attached as Exhibit A hereto as if stated verbatim in bar of any alleged duty to defend and indemnify Defendants Webb and CBR in the lawsuit filed by Stephen Joseph Donovan and attached as Exhibit B.

23.     Pursuant to 28 U.S.C. § 2201 (a), State Farm has a cause of action against Defendant Webb and Defendant CBR for a declaration as to the respective rights or duties under the policy of insurance referenced herein and attached as Exhibit A.  State Farm asserts that cause of action and seeks such declaration.

**WHEREFORE**, State Farm prays the Court will:

1.      Declare that the automobile liability policy between Plaintiff, State Farm and Defendant, CBR does not provide coverage for Defendant CBR and Defendant Kenneth Webb in the tort Complaint filed against them;

2.      Declare that State Farm does not have a duty to defend or indemnify Defendant Webb and Defendant CBR in the tort lawsuit that has been filed against them; and that

3.      State Farm recover any further relief the Court deems appropriate.

This the 3 day of September, 2009.

Respectfully submitted,

WALDROP & HALL, P.A.

By:      s/John S. Little                                    
         John S. Little (#014941)
         Attorneys for Defendant
         State Farm Mutual Automobile Insurance
         Company of Bloomington Illinois
         106 South Liberty Street
         Jackson, TN  38302-0726
         (731) 424-6211
         littlej@waldrophall.com

## COST BOND

We acknowledge ourselves as surety for the costs of the above cause, not to exceed $1,000.00.

         s/John S. Little